

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00561-CV

**IN THE INTEREST OF L.E.A.** and A.G.A., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02472
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Patricia O. Alvarez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Irene Rios, Justice

Delivered and Filed: January 9, 2019

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Dad appeals the trial court's order terminating his parental rights to his children

L.E.A. and A.G.A.[1]  For the reasons given below, we affirm the trial court's order.

The Department sought temporary conservatorship of the children for alleged domestic

violence between Mom and Dad.[2]  The trial court heard evidence that Dad had prior convictions

for sexual assault of a child[3] and possession of a controlled substance.  Dad minimized the

domestic violence issues, but a child confirmed Dad sometimes hits Mom, including the time Mom

stabbed Dad in the leg.  Dad tested positive for methamphetamines but denied its use.  He admitted

using drugs prescribed for others, and he missed eight of eleven ordered drug tests.  Dad had

---

[1] To protect the minors' identities, we refer to the parents and the children using aliases.  *See* TEX. R. APP. P. 9.8.
[2] Because Dad is the only appellant, we limit our recitation of the facts to those that pertain to Dad or the children.
[3] Mom was the child victim; she was twelve, Dad was eighteen.  They eventually married.

provided child support, but he lost his job and was now "nearly homeless." He did not complete any of his ordered services and had not visited his children for the last three months before trial.

The trial court found Dad's course of conduct met statutory grounds (D), (E), (N), and (O), and terminating Dad's rights was in the children's best interests. It terminated Dad's parental rights to the children. Dad appeals.

### *ANDERS* BRIEF

Dad's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also represents that he provided Dad with a copy of the *Anders* brief, his motion to withdraw, and a form to request a free copy of the appellate record. He advised Dad of his right to review the record and file his own brief.

We ordered Dad to file his pro se brief, if any, not later than September 28, 2018. Dad did not request a copy of the record or file a pro se brief.

Having carefully reviewed the entire record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

### MOTION TO WITHDRAW

In his motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. Counsel's duty to Dad is not yet complete; the motion to withdraw is denied. *See id.* at 27, n.11; *see also* TEX. FAM. CODE ANN. § 107.016(3); *In Interest of A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet.

denied) ("If the [father] wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice